HARRY L. MIDLER, PLAINTIFF-APPELLANT, v. ABRAHAM M. HEINOWITZ, DEFENDANT-RESPONDENT.

Argued May 5, 1952—Decided June 16, 1952.

124

*Mr. Joseph Kraemer* argued the cause for appellant.

*Mr. Andrew B. Crummy* argued the cause for respondent (*Messrs. Crummy & Consodine,* attorneys).

The opinion of the court was delivered by
WILLIAM J. BRENNAN, JR., J. Under an order of reference entered in the former Court of Chancery on January 12, 1945, an account was taken by a special master of the

joint venture engaged in by the parties during 1938 in the buying for resale of manufacturers' surplus and scrap. The master filed his report on February 8, 1949, and the defendant filed exceptions. After hearing upon the exceptions the Chancery Division by judgment entered September 19, 1949, (a) struck the addition of $11,775.24 credited to the venture sales account by the master as proceeds of the sale of high-speed steel purchased from Fafnir Bearing Company and found to have been sold to Crucible Steel Company, (b) reduced from $10,599.39 to $3,863.80 the sum added by the master to the venture sales account for sales found by the master to have been made from materials purchased from Bridgeport Thermostat Company, (c) adjudged that the aggregate $4,244.20 of weekly withdrawals by plaintiff should be charged as advances against plaintiff's share of the profits and not as wages and a business expense of the venture, (d) charged plaintiff with $1,000 of the $2,000 additional allowance to the master, (e) disallowed interest on the amount adjudged to be due to plaintiff.

Upon plaintiff's appeal the Appellate Division unanimously affirmed the judgment except to remand the finding reducing the amount of the credit for the Bridgeport Thermostat Company item for further consideration and an explanation of the reason supporting the finding. *Midler v. Heinowitz*, 6 *N. J. Super.* 359 (*App. Div.* 1950). Plaintiff was allowed certification to review the judgment of the Appellate Division, 6 *N. J.* 568 (1951). Thereupon under an order of remand of this court the Chancery Division further considered the Bridgeport Thermostat Company item and confirmed its original judgment in respect thereto for reasons stated in a letter memorandum. The Appellate Division reviewed that determination and affirmed, one judge dissenting. *Midler v. Heinowitz*, 20 *N. J. Super.* 203 (*App. Div.* 1952). Pursuant to *Rule* 1:5-1(a) we of our own motion have certified the ensuing judgment of the Appellate Division and also a judgment of the Chancery Division entered April 1, 1952, which adopted the Appellate Division judgment as its own.

■ Plaintiff's argument for reversal upon the Fafnir Bearing Company and Bridgeport Thermostat Company items emphasizes the contention that the master's factual findings upon those items were not to be disturbed unless it was "clearly and satisfactorily" shown that the master erred in reaching his conclusions. This is the rule frequently stated in our cases as to the weight which ought to be given by the trial court to the master's factual findings when his report is submitted for confirmation. See *Oliver v. Autographic Register Co.*, 126 *N. J. Eq.* 18, 19 (*Ch.* 1939); *Sinnickson v. Adm'rs. of Bruere*, 9 *N. J. Eq.* 659 (*E. & A.* 1855); *Campanella v. Campanella*, 136 *N. J. Eq.* 111 (*E. & A.* 1944); *Haulenbeck v. Cronkright*, 23 *N. J. Eq.* 407 (*Ch.* 1873), affirmed 25 *N. J. Eq.* 513 (*E. & A.* 1874); *Peoples Trust Co. v. Genden*, 119 *N. J. Eq.* 249, 251 (*Ch.* 1936), affirmed 121 *N. J. Eq.* 54 (*E. & A.* 1936). But such findings are not conclusive upon the trial court as plaintiff seems to believe, *Holmes v. Holmes*, 18 *N. J. Eq.* 141, 142 (*Ch.* 1866). The Appellate Division properly held that "* * * a Master's report is not conclusive and binding upon the court, but the court may, upon a Master's report coming before him for confirmation, examine the factual findings and, if it appears to the court that the Master erred in his conclusions, it may proceed to review the facts and reach its own conclusions and determinations." *Midler v. Heinowitz*, 6 *N. J. Super.* 359, 363. Rule 3:53–5(*b*) providing that the master's findings of fact shall be accepted "unless contrary to the weight of the evidence" merely declares this long standing principle. The requirement of *Federal Rule* 53 (*e*) (2), 28 *U. S. C. A.*, that the master's findings are to be accepted "unless clearly erroneous," was not carried into our rule, although proposed for adoption in the tentative draft of the rules. *Tentative Draft of Rules Governing All of the Courts of New Jersey*, p. 201.

■ The trial judge aptly described the record made before the master as "a welter of conflicting testimony and rec-

ords." After our examination we adopt what was said by the Appellate Division, 6 *N. J. Super.* 359, 363-364:

" * * * An examination of the record here convinces us that the testimony of both plaintiff and defendant was not too reliable; in fact, one gets the impression that when it served their purpose, they had no hesitancy in prevaricating. The Master and the court were faced with a situation where there were no complete records of the joint venture. Plaintiff admitted that he had kept for several years a memorandum book of some of the transactions, but destroyed it about the time of the commencement of this action. Defendant's records were incomplete in many respects. We find the same difficulty as did the trial court in resolving the issues raised by this appeal because of the unreliability of the testimony of the plaintiff and defendant and the lack of complete and satisfactory records. Under these circumstances, the Superior .Court was entirely justified in making an independent review of the factual issues and reaching its own conclusions with respect thereto, notwithstanding its findings were not in accord with the Master's."

 Upon its independent analysis of the evidence, the Appellate Division concurred with the trial court's findings as supported by the believable evidence, unanimously as to the Fafnir Bearing Company item, and with one judge dissenting as to the Bridgeport Thermostat Company item. In the circumstances of this case we see no reason to make our own findings of fact.

 When there are concurrent judgments of two lower courts upon pure questions of fact, a court of last resort will not ordinarily make an independent finding of facts in the absence of a showing of a manifest miscarriage of justice. 3 *Am. Jur., Appeal & Error, sec.* 908, *p.* 474. We have the power under *Rule* 1 :2-20 (*a*) (and see *Rule* 3 :52-1) to make new or amended findings of fact on a review of any cause involving issues of fact not determined by the verdict of a jury, but its exercise is permissive in our sound discretion where required to do justice in the particular case. *Cf. Rule* 3 :81-13 ; *Temple v. Storch Trucking Co.,* 3 *N. J.* 42 (1949) (concurring opinion).

 Ordinarily, however, after two lower courts have considered the facts and have reached concurrent findings

thereon, this court will not have the occasion to make a new and independent finding unless there is such palpable error in the concurrent findings or such clear showing otherwise of a miscarriage of justice as that a new finding by us is necessary to serve the essential ends of justice. *Cf. Scarborough Apartments, Inc., v. City of Englewood,* 9 *N. J.* 182 (1952).

The two-court rule has long been followed by the United States Supreme Court which will not "undertake to review concurrent findings of fact by two courts below in the absence of a very obvious and exceptional showing of error." *Graver Tank & Mfg. Co. v. Linde Air Products Co.,* 336 *U. S.* 271, 275, 93 *L. Ed.* 672, 677 (1949) ; 5 *Moore's Federal Practice* (*2d ed.* 1951), *p.* 2690 *et seq.*

█ Our new judicial structure is modeled after the federal court system. Our system, too, contemplates one appeal as of right to a court of general appellate jurisdiction. This is afforded usually in the Appellate Division of the Superior Court. A further appeal to this court is allowed only in the exercise of our discretional power of certification unless the case comes within one of the limited number of situations for which an appeal to this court as of right is expressly allowed by *Article VI, Section V, paragraph* 1, of the *Constitution of* 1947. See also *Rule* 1 :2–1.

The exceptions include the case where there is a dissent in the Appellate Division. Nevertheless, standing alone, the fact that the appellant for that reason is assured of a hearing here does not operate to avoid the application of the two-court rule if we see fit to apply it. *Cf. In re Hopper,* 9 *N. J.* 280 (1952). The essential inquiry remains whether palpable error underlies the concordant judgments of the two lower courts, or whether for other reasons there has been a clear miscarriage of justice. This has long been the rule of practice followed in the House of Lords notwithstanding a dissent in the intermediate appellate court. *Devi v. Roy* [1946], *A. C.* 508; *Yachuk v. Oliver Blais Co.* [1949], *A. C.* 386, 2 *All Eng.* 150, 20 *A. L. R.* 2d 111. By that test we discern nothing in this record to require or justify our making

an independent finding upon either the Fafnir Bearing Company item or the Bridgeport Thermostat Company item.

Nor is there any reason in the instant case to depart from the two-court rule as to the concurrent finding that the $4,-244.20 advanced to plaintiff was advanced against profits and not as wages. This issue of fact was expressly reserved by the order of reference for determination by the trial court. The concurrent finding has ample support in the evidence in the record and will not be disturbed.

■■ Plaintiff was not allowed interest. The reasons given by the trial judge for denying interest are: "The litigation in question has been pending for considerable time, the proofs are not of too much help and the litigants equally at fault—these briefly are the reasons interest is denied." Whether or not interest will be allowed in the taking of an account between parties to a joint venture is a matter entirely within the sound discretion of the trial court. *Buckingham v. Ludlum*, 29 *N. J. Eq.* 345 (*E. & A.* 1878). We concur in the conclusion of the Appellate Division that there was no showing in this instance that the trial court's discretion was mistakenly exercised. We reach a similar result as to the direction that plaintiff pay $1,000 of the additional $2,000 fee allowed to the master. Plaintiff's brief concedes that the apportionment of the allowance was a matter within the judicial discretion of the trial judge. Like the Appellate Division, we find nothing to support plaintiff's contention that the ruling was not consonant with judicial discretion.

The judgments of the Appellate Division entered February 23, 1950, and March 13, 1952, and the judgment of the Chancery Division entered April 1, 1952, are affirmed.

Burling, J. (concurring). *Rule* 1:2–20 (*a*) as amended June 7, 1951, provides: "On a review of any cause involving issues of fact not determined by the verdict of a jury, new or amended findings of fact may be made, but due regard shall be given to the opportunity of the trial court to judge of the

credibility of the witnesses * * *." This power is to be exercised to such extent as the interests of justice may require. Compare *Rule* 3:81–13. It is our function and duty to make our findings according to our considered judgment, and in doing so it is mandatory only for us to give due regard to the opportunity of the *trial* court to judge of the credibility of the witnesses. A finding of fact in the lower court, trial or appellate, will not be lightly disturbed on appeal to a higher appellate court but this rule imposes no restraint on the power of the appeal court to ascertain by full investigation and analysis of the evidence what the facts are and whether the general finding is consistent therewith. An intermediate appellate court has no opportunity to observe the witnesses and it follows that its findings of fact should not be considered as binding upon us under the above pertinent portion of *Rule* 1:2–20(a). This is not to say that we do not give full and respectful consideration to the views expressed, on both fact and law, by the lower trial and appellate courts. The effect of the concurrence of two lower courts in factual findings is to imbue us with caution and to cause us to study *their* expressed thought in order to assure ourselves that we have exhausted every avenue or approach to the problem at hand.

I am in accord with the result reached in the majority opinion of this court.

HEHER, J. (dissenting in part). I concur in the reasoning and the conclusion of the dissenting opinion of Judge Bigelow in the Appellate Divison.

The master properly surcharged defendant and credited the joint venture sales account with $10,599.39, as the value of miscellaneous scrap material purchased for the joint account from the Bridgeport Thermostat Company. The evidence establishes that the material came into defendant's possession; and defendant, who also undertook to keep the books of account, has the burden of accounting for the property. He is accountable as a fiduciary. *R. S.* 42:1–21.

Doubts arising from an imperfect performance of the fiduciary's duty to account are not to be resolved against the beneficiary. *Blauvelt v. Ackerman,* 23 *N. J. Eq.* 495 (*Ch.* 1873), affirmed 25 *N. J. Eq.* 570 (*E. & A.* 1874). It follows that the surcharge should carry interest.

It would seem that my brothers of the majority have attached undue significance to the Appellate Division's concurrence in the findings of fact made by the trial court, and have thereby modified the operation of *Rule* 1:2–20(a). This rule provides for "a review of any cause involving issues of fact not determined by the verdict of a jury," and the making of "new or amended findings of fact" where required to serve the ends of essential justice in the individual case. The review is necessary to discover whether justice has been done and, where that inquiry is resolved in the negative, the corrective process is to be applied. And this without regard to whether two lower tribunals have concurred in the findings of fact. Such is the essence of the rule. It was obviously designed to remedy substantial error in the determination of the facts. The assessment standard is the same in the appellate court as in the trial tribunal, but due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. Compare *Hager v. Weber,* 7 *N. J.* 201 (1951), where the companion provision relating to jury verdicts was considered and the holding was that the *Constitution of* 1947 provides for a review of the facts as well as the law in accordance with the historic function of an "appeal."

As to the remaining issues of fact, plaintiff has not sustained the burden of proof.

In the circumstances, I deem it inequitable to assess plaintiff with $1,000 of the additional allowance to the master.

I would modify the judgment accordingly.

VANDERBILT, C. J., joins in this dissent.

BURLING, J., concurring in result.

*For affirmance*—Justices OLIPHANT, WACHENFELD, BURLING and BRENNAN—4.

*For modification*—Chief Justice VANDERBILT and Justice HEHER—2.