**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3077-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEVIN KUTE,

    Defendant-Appellant.

_____

Submitted January 10, 2017 — Decided  June 23, 2017

Before Judges Rothstadt and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Municipal
Appeal No. 14-066.

Kevin Kute, appellant pro se.

Christopher J. Gramiccioni, Monmouth County
Prosecutor, attorney for respondent (Keri-
Leigh Schaefer, Special Deputy Attorney
General, Acting Assistant Prosecutor; of
counsel and on the brief).

PER CURIAM

    Defendant Kevin Kute appeals his conviction for speeding,

N.J.S.A. 39:4-98, following a trial de novo in the Law Division.

We affirm.

We glean the following facts from the record. Colts Neck Police Officer Steven Panepinto testified that at about 10:30 p.m. on May 2, 2014, he was on patrol on Route 34 near the Naval Weapons Station Earle when he observed a motor vehicle traveling at a high rate of speed. He activated his speed detection device, which clocked the vehicle as traveling seventy miles per hour in a fifty-mile-per-hour-zone. Panepinto initiated a motor vehicle stop and issued defendant a summons generated through the E-ticket system that reflected defendant was driving a silver Honda station wagon bearing a New Jersey license plate. Panepinto stated that the E-ticket may have inputted the incorrect vehicle type, but identified defendant in court as the driver to whom he issued the summons.

Defendant testified that Panepinto stopped him for speeding, but claimed it was on Route 18, not Route 34, and could not say if he was speeding. He claimed that he was driving a Honda sedan, not a Honda station wagon. Noting that Panepinto's name on the summons was spelled "Panipinto," defendant claimed that he was not sure if Panepinto was the officer who issued him the summons.

The municipal court judge found Panepinto gave credible testimony that defendant was driving a Honda on Route 34 and speeding at seventy miles per hour. The judge reasoned it was of no significance that the summons specified that defendant was

driving a station wagon, rather than a sedan, as defendant testified.

Upon a trial de novo on the record, Judge Mellaci found defendant guilty anew. In his oral decision, the judge noted that Panepinto's testimony was credible, and there was sufficient evidence that defendant was guilty of speeding beyond a reasonable doubt. The judge found that defendant's argument concerning the misspelling of Panepinto's name "is without merit and nonsensical." He also rejected as meritless defendant's claim that the municipal court did not have subject matter jurisdiction. On appeal, defendant argues that:

POINT I

THE LAW DIVISION JUDGE APPEARS TO HAVE BASED HIS JUDGMENT UPON AN ENTIRELY ERRONEOUS READING OF THE RECORD BELOW.

POINT II

THE PRIMARY FACT WITNESS'S TESTIMONY SUGGESTS THAT HE MAY HAVE MISTAKEN THE IDENTITY OF THE VEHICLE HE WAS PURSUING.

POINT III

THE RECORD RELIED UPON BY THE LAW DIVISION JUDGE WAS INFECTED.

POINT IV

OFFICER PANEPINTO'S SUBMISSIONS COULD NOT HAVE LED TO A REASONABLE CONCLUSION THAT HIS TESTIMONY WAS CREDIBLE.

POINT V

THE DEFENDANT DID NOT KNOWINGLY OR
INTELLIGENTLY WAIVE HIS RIGHT TO COUNSEL.

Our review of the trial court's factual findings is limited to whether the conclusions of the Law Division judge "could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). Unlike the Law Division, we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). The rule of deference is more compelling where, such as here, the municipal and Law Division judges made concurrent findings. Id. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (citing Midler v. Heinowitz, 10 N.J. 123, 128-29 (1952)). We owe no deference to the trial judge's legal conclusions. Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995) (citing State v. Brown, 118 N.J. 595, 604 (1990)).

Having reviewed the record in light of the applicable legal standards, we find that Judge Mellaci correctly addressed defendant's arguments, and we affirm substantially for the reasons

stated in his opinion.  Defendant's appellate arguments are without sufficient merit to warrant further discussion.  <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION