NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3896-14T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

KAREN BORN,

 Defendant-Appellant.
____________________________

 Submitted May 24, 2017 – Decided July 17, 2017

 Before Judges Fuentes and Farrington.

 On appeal from the Superior Court of New
 Jersey, Law Division, Monmouth County
 Municipal Appeal No. 13-065.

 Karen Born, appellant pro se.

 Christopher J. Gramiccioni, Monmouth County
 Prosecutor, attorney for respondent (Monica
 do Outeiro, Assistant Prosecutor, of counsel
 and on the brief).

PER CURIAM

 Defendant Karen Born was charged with two disorderly persons

offenses: false reports to law enforcement, N.J.S.A. 2C:28-4b; and

resisting arrest, N.J.S.A. 2C:29-2a(1). She was also charged with
eight motor vehicle offenses, including reckless driving, N.J.S.A.

39:4-96; careless driving, N.J.S.A. 39:4-96; two charges of

driving while suspended, N.J.S.A. 39:3-40; failure to exhibit a

driver's license, N.J.S.A. 39:3-29a; driving without a license,

N.J.S.A. 39:3-10a; delaying traffic, N.J.S.A. 39:4-56; and failure

to wear a seat belt, N.J.S.A. 39:3-76.2f.

 Defendant was tried in the Aberdeen Municipal Court and

convicted on all of the motor vehicle violations and the two

disorderly person offenses, making false reports to law

enforcement, and resisting arrest. On October 9, 2013, a plea

agreement was reached regarding other outstanding charges which

resulted in dismissal of four charges and downgrading or amendment

of three others to which defendant pled guilty.

 Judge Berube imposed an aggregate sentence of $5,002 in fines,

a six-month driver's license suspension, and 195 days county jail,

in addition to mandatory fines and costs.

 Defendant filed a Notice of Appeal with the Superior Court,

Law Division on or about October 9, 2013. The Honorable Ronald

Lee Reisner, J.S.C. remanded the matter to Aberdeen Municipal

Court on September 19, 2014, "to complete the record" with

documents referenced in municipal court transcripts.

 Judge Reisner held a trial de novo on February 13, 2015, and

found defendant guilty of making false reports to law enforcement,

 2 A-3896-14T4
resisting arrest, reckless driving, and failure to exhibit a

driver’s license. He sentenced defendant to an aggregate sentence

of one year of probation, $250 in fines, and the required costs

and fees.

 Defendant presents these arguments for review on appeal:

 POINT I

 THE STATE DID NOT MEET ITS BURDEN OF PROVING
 APPELLANT KNOWINGLY MADE A FALSE REPORT.

 POINT II

 ON THE RESISTING ARREST CHARGE, APPELLANT'S
 LICENSE WAS VALID. SHE ENDED UP OPENING HER
 DOOR FOR OFFICERS. THE CORRECT CHARGE SHOULD
 HAVE BEEN OBSTRUCTION.

 POINT III

 STATE DID NOT PROVE THE ELEMENTS OF RECKLESS
 DRIVING FOR WHICH APPELLANT WAS NOT STOPPED,
 TICKET WAS MAILED TO HER HOME BY[ ]OFF DUTY
 OFFICER SHE HAS HISTORY WITH, AND NO POLICE
 REPORT WAS MADE.

 POINT IV

 OFFICERS'[sic] TESTIMONY IS INCONSISTENT AND
 NOT CREDIBLE, APPELLANT PREVIOUSLY ASSAULTED
 BY THIS OFFICER AND PREVIOUSLY TRIED TO FILE
 CHARGES AGAINST HIM, AND STOP OCCURRED IN HER
 DRIVEWAY WITH NO POLICE LIGHTS ON AND SHE WAS
 NOT DRIVING.

 In its opposing brief, the State argues that the convictions

should be affirmed.

 3 A-3896-14T4
 Following our review of the arguments, considering the record

and the applicable law, we affirm.

 The essential facts are taken from the municipal court record.

On December 4, 2012, Monmouth County dispatcher Kevin O'Brien

received a call at approximately 3:00 p.m. from the defendant, who

claimed intruders were assaulting her in her home. O'Brien alerted

the Aberdeen Police Office and Officer Mary Johnson was dispatched.

 When Johnson received no response after knocking on the door

to defendant's home, she proceeded to walk around the home's

perimeter. When her search yielded nothing, Johnson knocked on

the door again and defendant's brother let Johnson and additional

backup officers into the home. After a brief walk through, the

officers failed to find defendant or any sign of intruders.

 On December 20, 2012, at approximately 7:30 p.m., Officer Gus

Grivas left the Aberdeen Police station in his personal vehicle.

As he approached the "T" intersection of Church and Cypress

streets, he saw a vehicle approaching a stop sign "at a fast rate

of speed." As Grivas slowed his vehicle, the approaching car

stopped "[a]t the last minute . . . almost out in the

intersection." As Grivas continued driving, the other vehicle

made a right turn in front of his car. Grivas "slam[med] on the

brakes" and drove "into the other lane to avoid collision."

 4 A-3896-14T4
 Grivas pulled up next to the car and recognized defendant as

the driver. He testified that she was cursing and "waving her

arms." Grivas continued driving and radioed dispatch to check the

validity of defendant's driver's license. A summons for reckless

driving was later served upon defendant by mail. Defendant denies

she was involved in any incident with Grivas on that day.

 On April 2, 2013, Police Officer Craig Hausmann observed

defendant driving at approximately 10:35 p.m. Based on his

knowledge that defendant's license was suspended, he began

following her until she arrived home. Hausmann drove into

defendant's driveway and, after confirming with dispatch that her

license was suspended, asked defendant to produce her license

which she was unable to do.

 On May 15, 2013, Sergeant Matthew Lloyd confirmed the validity

of a bail order and warrant to detain defendant issued August 7,

2012. The next day, May 16, 2013, Sergeant Lloyd informed Aberdeen

police officers of the order's validity during morning briefing.

Later that same day, Patrolman Hausmann observed defendant driving

and communicated the information via police radio.

 Sergeant Lloyd, who was near the scene, pulled defendant

over, instructed her to exit the vehicle, and advised she was

under arrest. Defendant refused, claiming the order was invalid

and that she was on the phone with her lawyer. Eventually, a

 5 A-3896-14T4
backup officer used a device to unlock the passenger door.

Defendant then exited the vehicle and was placed under arrest.

Defendant denies she was driving.

 In the trial de novo, Judge Reisner tried "the case anew

based on the record and . . . giving some deference to the findings

of credibility . . . ." Judge Reisner considered the charges in

chronological order. Commencing with those findings of guilt

which are the subject of defendant's appeal, we turn to Judge

Reisner's findings regarding the December 4, 2012 allegations that

defendant made a false report to the police contrary to N.J.S.A.

2C:28-4b. After reviewing the circumstances of the incident based

upon the record and the elements of the offense, the judge found:

 Under these circumstances I'm satisfied beyond
 a reasonable doubt from the circumstances that
 the defendant made the call, that no such
 incident ever occurred and that she knew that
 no such incident was ever occurring. So I'm
 satisfied beyond a reasonable doubt that she
 committed the disorderly persons offense of a
 fictitious report to the police.

 Defendant argues that Judge Reisner's finding is inconsistent

with that of the municipal judge. The factual findings made by

the municipal court are not relevant here. We review the facts

found by the Law Division to determine whether those findings are

supported by the competent evidence in the record.

 6 A-3896-14T4
 Defendant argues that she lacked the requisite intent to make

a false report, or the presence of mind to understand her report

was not based in reality. This claim was examined and rejected

by Judge Reisner. Defendant admitted making the call purporting

to report persons in her home who were assaulting her. The

recording of the call between defendant and the dispatcher speaks

for itself. Judge Reisner independently found, based on the trial

record, that defendant knew the incident she reported did not

occur. There is no basis in the record to support defendant's

argument to the contrary.

 Defendant further confuses the court's fact-findings,

pertinent to establishing whether the State has met its burden of

proof, with assessment of aggravating and mitigating factors

performed by the court to determine the appropriate sentence to

be imposed. Judge Reisner considered defendant's psychiatrist's

report only in the context of fashioning an appropriate sentence.

As a result, he substantially reduced her sentence, eliminating

the custodial term entirely, and reducing the fines to $250.

 Judge Reisner next considered the charge of reckless driving

pursuant to N.J.S.A. 39:4-96 which was issued on December 20,

2012. After noting that the municipal court judge made a finding

of guilt on the "preponderance evidence, which is clearly wrong

as a matter of law", he found beyond a reasonable doubt that

 7 A-3896-14T4
defendant was guilty of reckless driving when she caused Police

Officer Gus Grivas to swerve out of her way to avoid a collision.

Defendant claims this charge was based on a "long history" she has

with the police officer who filed the charge against her, against

whom she had "previously written 5 Internal Affairs Complaints."

In addition, defendant cites to the facts that there was no stop

and no police report filed in connection with the incident to

support her claim that the incident never occurred. Her arguments

have no basis in law and are without merit.

 Based on his own de novo review of the record, Judge Reisner

also found beyond a reasonable doubt that the arresting officer,

Police Officer Christopher DeSarno, was credible when he testified

he observed defendant driving in the Township of Aberdeen.

 Finally, the court considered the testimony of the police,

including that of Officer Hausmann, regarding the incident of

April 2, 2013. Citing the video of the incident and the testimony

of the officers, Judge Reisner was "satisfied based on [Patrolman]

Hausmann's testimony that the operation of the vehicle was careless

in violation of 4-97 beyond a reasonable doubt and that she did

not produce a driver's license . . . ." He further found "the

video shows clearly that she purposefully prevented the officers

from effectuating the arrest by refusing to open the car doors and

 8 A-3896-14T4
step outside the car. So I'm satisfied beyond a reasonable doubt

that she's guilty of resisting arrest."

 Our function as a reviewing court is governed by the

"substantial evidence" rule; namely, to determine whether the

findings of the Law Division "could reasonably have been reached

on sufficient credible evidence present in the record." State v.

Johnson, 42 N.J. 146, 157 (1964). If we determine that the

findings and conclusions of the Law Division meet that criterion,

our "task is complete" and we should not disturb the result even

if we "might have reached a different conclusion." Johnson, supra,

42 N.J. at 162.

 Just as the Law Division does when conducting a de novo

review, we "defer to [the] trial court['s] credibility findings

that are often influenced by matters[,] such as observations of

the character and demeanor of witnesses and common human

experience[,] . . . not transmitted by the record." State v.

Locurto, 157 N.J. 463, 474 (1999). We reverse if we find the

trial "judge went so wide of the mark, a mistake must have been

made." Id. at 471 (quoting Johnson, supra, 42 N.J. at 162).

Moreover,

 The rule of deference is more compelling
 where . . . two lower courts have entered
 concurrent judgments on purely factual issues.
 Under the two-court rule, appellate courts
 ordinarily should not undertake to alter

 9 A-3896-14T4
 concurrent findings of fact and credibility
 determinations made by two lower courts absent
 a very obvious and exceptional showing of
 error.

 [Id. at 474 (citing Midler v. Heinowitz, 10
 N.J. 123, 128-29 (1952).]

 With these principles in mind, we affirm substantially based

on the reasons expressed by Judge Reisner. The balance of

defendant's arguments lack sufficient merit to warrant discussion

in a written opinion. R. 2:11-3(e)(2).

 Affirmed.

 10 A-3896-14T4