**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3147-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FEVZI ARIF,

    Defendant-Appellant.

_____

Submitted May 9, 2017 — Decided July 31, 2017

Before Judges Rothstadt and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Passaic County, Municipal Appeal
No. 6077.

Levow DWI Law, P.C., attorneys for appellant
(Evan M. Levow, of counsel and on the brief;
Michael V. Troso, on the brief).

Camelia M. Valdes, Passaic County Prosecutor,
attorney for respondent (Marc A. Festa, Senior
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

    Defendant Fevzi Arif appeals his conviction for driving while

intoxicated (DWI), N.J.S.A. 39:4-50, following a trial de novo in

the Law Division. After reviewing the record in light of the applicable legal standards, we affirm substantially for the reasons stated by Judge Ronald B. Sokalski in his oral decision issued on February 9, 2016.

The pertinent evidence was set forth in Judge Sokalski's decision and need not be repeated in detail here. On May 14, 2008, Wayne Township Police Officer Jay Arnold pulled defendant's motor vehicle over after observing his vehicle cross over the double yellow line while approaching Arnold in the opposite direction, and also while negotiating a turn. Upon reaching defendant's vehicle, Arnold noticed vomit on the driver's side door. When he asked for defendant's credentials, he smelled a strong odor of alcohol and vomit from the interior of defendant's vehicle and on defendant's breath. Upon Arnold's questioning, defendant stated that he had two beers approximately an hour and a half earlier at a local pub. Arnold suspected defendant was intoxicated and administered a field sobriety test. After defendant failed the test, he was arrested and taken to police headquarters where Lieutenant Keith McDermott administered an Alcotest breathalyzer test. Defendant registered a .10 blood alcohol concentration (BAC) and was charged with DWI.

After making his first municipal court appearance on May 14, 2008, defendant failed to appear for trial for the next two

scheduled dates. Trial was eventually conducted on four dates in 2015. Due to the seven-year trial delay, Arnold and McDermott could not recall the specifics of defendant's arrest and the breathalyzer test, and primarily testified from the reports they authored right after defendant was charged. Defendant did not testify but presented the testimony of two experts who challenged the reliability of the field sobriety test and the administration of the breathalyzer test.

On September 4, 2015, the municipal court judge found defendant guilty of DWI. Specifically, he determined that the police officers' testimony was credible, and that the record did not support the defense experts' opinions. Since this was defendant's third DWI conviction, he was sentenced to enhanced penalties. N.J.S.A. 39:4-50(a)(3).

Upon a trial de novo on the record, Judge Sokalski found defendant guilty anew. In his oral decision, the judge found that the officers' testimony was credible, and there was sufficient evidence that defendant was guilty of DWI beyond a reasonable doubt based upon observation and the .10 BAC. As to the officers' reliance upon their reports in testifying, the judge concluded that:

> It was difficult for them to recall . . . this routine matter after nearly seven years between arrest and trial, and their testimony

was given to a large extent pursuant to Evidence Rule 406, which is habit, routine and practice. And [N.J.R.E.] 803 (c)(5) record and recollection. Nevertheless[,] their testimony was truthful and detailed enough to be convincing. It is noted that the delay for trial [was] attributed to defendant's failure to appear.

The judge found that the defense experts' opinions on the administration and validity of the breathalyzer test was speculative and not supported by the record.

On this appeal, defendant presents the following points of argument:

POINT I
THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT DEFENDANT-APPELLANT OPERATED A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL.

POINT II
THE STATE FAILED TO DISPLAY THAT THE ALCOTEST WAS ADMINISTERED PROPERLY OR THAT THE MACHINE WAS FUNCTIONING PROPERLY THEREFORE THE PER SE OFFENSE MUST BE DISMISSED.

Our review of the trial court's factual findings is limited to whether the conclusions of the Law Division judge "could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). Unlike the Law Division, we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). The rule of deference is more compelling where, such as here, the municipal and Law Division judges made concurrent findings. Id. at 474.

4

"Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error."  Ibid. (citing Midler v. Heinowitz, 10 N.J. 123, 128-29 (1952)).  We owe no deference to the trial judge's legal conclusions.  Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995) (citing State v. Brown, 118 N.J. 595, 604 (1990)).

Based upon these principles and our review of the record, we affirm substantially for the reasons stated in Judge Sokalski's oral decision.  Defendant's appellate arguments are without sufficient merit to warrant further discussion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION