**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2740-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LUDOVICO ARICO,

     Defendant-Appellant.

_____

Argued March 11, 2025 – Decided May 21, 2025

Before Judges Sumners and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Municipal Appeal No. 2023-022.

Marco A. Laracca argued the cause for appellant (Bio & Laracca, PC, attorneys; Marco A. Laracca, of counsel and on the briefs).

Stephen A. Pogany, Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens, II, Essex County Prosecutor, attorney; Stephen A. Pogany, on the brief).

PER CURIAM

Defendant Ludovico Arico appeals his conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50, based on observation following a trial de novo in the Law Division. After reviewing the record and the parties' arguments in light of the applicable legal standards, we affirm substantially for the reasons stated by Judge Arthur J. Batista in his thoughtful decision.

I

The pertinent evidence was set forth in Judge Batista's decision and need not be repeated in detail here. A summary will suffice.

Shortly before 4 a.m. on April 22, 2023, Cedar Grove Police Officer Nyron Watson was dispatched to a reported car crash in the area of Stevens Avenue and Route 22. Officer Watson responded immediately and observed a telephone pole that was snapped in half and leaning over, held up only by wires. The officer also observed a "trail of fluids and tire marks leading north down Stevens [Avenue]," with fluid crossing over the roadway's yellow lines into the oncoming lane of traffic and leading to a white pickup truck nearby on Lopez Road with its hazard lights on and smoke wafting from its engine. Defendant was in the driver's seat of the vehicle with no passengers.

Officer Watson's engagement with defendant was recorded on his body-worn camera. As revealed in the recording played at trial, as defendant exited

2

his truck he could be heard stating: "Fucking deer. It just crossed the street." Officer Watson detected the "strong odor" of an "alcoholic beverage emanating from [defendant's] breath." When Officer Watson asked defendant if he had been drinking, defendant first said he had a "couple glasses of wine" at his friend's restaurant in Newark. However, moments later, defendant stated he, "honest[ly]," had "a couple of beers."

Officer Watson then proceeded to administer field sobriety tests on defendant, including the horizontal gaze nystagmus (HGN), the walk-and-turn, and the one-leg stand. Officer Watson recalled that there was no indication defendant suffered any head trauma from the accident making the testing ineffective. As for the HGN test, Officer Watson testified it revealed two clues for nystagmus in each eye. For the walk-and-turn, he said defendant "stepped off the line," "started before I instructed him to," and "turned incorrectly." For the one-leg stand, defendant was instructed to raise his right leg, keep it raised, and count "one 1,000, two 1,000, so on and so forth." However, defendant "[f]ailed to keep his balance," counting only to two before putting his foot down. Defendant also "started to sway a little bit, which is another indicator" of intoxication. After lifting his foot back up, defendant counted:

> One 1,000, three 1,000, four 1,000, five 1,000, six 1,000, seven 1,000, eight nine-thousand, nine nine-

3

thousand, eight nine-thousand, 10 10-thousand, 11-thousand, 12-thousand, 13-thousand, 14-thousand, 15-thousand, 16-thousand, 17-thousand, 18-thousand, 19-thousand.

Based on the totality of circumstances, Officer Watson arrested defendant for DWI and transported him to police headquarters. After defendant was Mirandized,[1] he again changed his story about his drinking that night, saying "he had two Coronas and one shot of Hennessey [cognac]."

Sergeant Joseph Ligas, who was also at the arrest scene, conducted an Alcotest on defendant. Sergeant Ligas used his body-worn camera to record defendant's interaction with Officer Watson, and the recording was admitted into evidence. Sergeant Ligas testified defendant gave two valid samples, which calculated a .07 blood alcohol concentration (BAC).[2] Sergeant Ligas also recounted his observation of defendant, stating he recognized a "distinct odor of alcohol coming off" defendant, and that his "[e]yes were bloodshot." He also testified that, based on his training and experience, defendant "absolutely" appeared to be intoxicated.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

[2] A BAC of .08 or higher constitutes a per se DWI violation under N.J.S.A. 39:4-50.

A-2740-23

Defendant was charged with careless driving, N.J.S.A. 39:4-97; leaving the scene of an accident, N.J.S.A. 39:4-129; failure to report an accident with property damage, N.J.S.A. 39:4-129; and driving while intoxicated (DWI), N.J.S.A. 39:4-50(a). Trial was held in Cedar Grove Municipal Court over three days in September and November 2023. Defendant was found guilty of DWI, leaving the scene, and failure to report an accident, but not guilty of careless driving.

Defendant filed for trial de novo in the Law Division, appealing only the DWI and leaving the scene convictions. After briefing and argument, Judge Batista issued an order upholding defendant's convictions and imposing the same sentence as the municipal court.

The judge explained his findings in a thirty-eight-page written decision. Recognizing defendant's DWI charge was based on observation, the judge noted the "history and propriety of observation cases in New Jersey is well grounded," and the "general proposition that an individual cannot be convicted solely based upon observation and opinion testimony is erroneous."

The judge was unpersuaded by the opinion of defendant's expert witness challenging defendant's field sobriety test. The judge determined there was no evidence "indicating that [] [defendant] suffered any type of injury that would

have potentially affected his performance on the field sobriety tests," thus, there was "no issue with [defendant] having been made to perform the field sobriety tests." Yet the judge, relying upon State v. Doriguzzi, 334 N.J. Super. 530, 538-39 (App. Div. 2000), did "not consider[] the HGN results . . . as evidence of guilt" because the "test currently lacks sufficient general accepted indicia of scientific reliability to be admitted as proof of intoxication at trial."

The judge, however, found defendant's performance of the other field sobriety tests—as depicted in the body-worn camara recordings—supported defendant's DWI conviction. As for the walk-and-turn test, the judge found defendant "exhibited three markers of failure" — (1) during the instructional phase he could not keep his balance; (2) he started too soon; and (3) during the walking phase, he made an improper turn. As for the one-leg stand test, the judge found defendant, at the outset, "put[] his foot down and stumble[d] with his right foot falling behind his left and he put[] his arms out to maintain his balance." In addition, the judge found defendant put his foot down after counting "one, one-thousand," and his "errors in counting" were "numerous," therefore he "did not comply with the counting instructions."

The judge "found Officer Watson and Sergeant Ligas' testimony to be wholly credible." He rejected defendant's argument that "he did fairly well on

6

the field sobriety tests," and did "not credit . . . [his] statement . . . regarding a deer causing the accident." "Based upon the totality of the circumstances," the judge found the State "met their burden of proof beyond a reasonable doubt that [] [defendant] was operating his vehicle while intoxicated." The judge pointed to the following "montage of evidence":

> (1) [Defendant's] operation of a motor vehicle leading to a single car traffic accident with a telephone pole; (2) his slurred speech; (3) his bloodshot and watery eyes; (4) his poor performance on standardized field sobriety tests; (5) the odor of alcoholic beverage on [defendant's] breath; (5) his lack of situational awareness or passage of time; (6) his admission of consumption of alcoholic beverages; and (7) [defendant's] Alcotest BAC reading of .07 confirming the consumption of alcohol.

The judge also found that any of the above factors, standing alone, may be insufficient to warrant conviction; but when considered together, the facts more than amply support the conclusion he was "driving under the influence of alcohol."

## II

Before us, defendant argues his DWI conviction should be overturned because there is sufficient credible evidence in the record showing reasonable

7

doubt that he was impaired while driving.[3]  He argues that unlike in State v. Zingas, 471 N.J Super. 590, 595-96 (App. Div. 2022), where the defendant's DWI conviction was affirmed based on the odor of alcohol, slurred speech, blood shot eyes and the defendant's inability to perform the field sobriety tests, he "satisfactorily performed all field sobriety tests."  Defendant argues there was an "initial instruction issue" with the one-leg test due to English being his "second language," and the judge found the HGN test "worthless."  Defendant contends the officers' testimonies that he "admitted he consumed alcohol, had slurred speech and glassy eyes, and had been in an accident" are alone not "sufficient to sustain a conviction for DWI," given "his BAC was below the legal limit [of .08] and that he satisfactorily performed the field sobriety tests."

## III

Our review of the trial court's factual findings is limited to whether the conclusions of the Law Division judge "could reasonably have been reached on sufficient credible evidence present in the record."  State v. Johnson, 42 N.J. 146, 162 (1964).  Unlike the Law Division, we do not independently assess the evidence.  State v. Locurto, 157 N.J. 463, 471 (1999).  The rule of deference is

---

[3]  Defendant does not challenge his conviction for leaving the scene of an accident as he unsuccessfully did on trial de novo.

A-2740-23

more compelling where, as here, the municipal and Law Division judges made concurrent factual findings. Id. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (citing Midler v. Heinowitz, 10 N.J. 123, 128-29 (1952)). When a video recording is the basis of a trial court's ruling, we may view the same video recording but we may not substitute the court's evaluation of the recording particularly where its determination is also based on its opportunity to hear and consider live testimony. State v. Elders, 192 N.J. 224, 244-45 (2007). As for legal rulings, we owe no deference to the trial court's conclusions. Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995) (citing State v. Brown, 118 N.J. 595, 604 (1990)).

Our review of the record confirms that Judge Batista relied on the testimonies of Officer Watson and Sergeant Ligas with respect to their observations of defendant shortly following defendant's collision with the telephone pole and performance of the field sobriety tests, and the judge conducted his own review of the body-worn camera recordings. Guided by the above principles, we conclude defendant does not present any meritorious reason for us to upset the judge's credibility findings. Nor do we find any reason

to disagree with the judge's legal conclusions. Consequently, we hold defendant's conviction for DWI must stand.

If we have not addressed any of defendant's arguments, it is because we conclude they lack sufficient merit to warrant discussion in a written discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division