**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1549-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JONATHAN RUHNKE,

    Defendant-Appellant.

_____

Submitted June 5, 2025 – Decided June 18, 2025

Before Judges Walcott-Henderson and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Municipal Appeal No. MA-2023-15.

Erica Edwards Law Offices, LLC, attorney for appellant (Erica Edwards, on the brief).

Antonelli Kantor Rivera, attorneys for respondent (Daniel Antonelli and Lori Reynolds, of counsel and on the brief; Kathleen Ramalho, on the brief).

PER CURIAM

Defendant Jonathan Ruhnke appeals from a January 5, 2024 conviction for unlawfully operating a cooperative sober living residence (CSLR) in a residential zone, after a trial de novo in the Law Division.[1] We affirm.

The underlying facts are not in dispute and are based on the testimony presented during the December 20, 2023 municipal court hearing. The municipal court found defendant guilty of violating West Caldwell Township Ordinance § 20-4 (the code). The code provides "[n]o land may be used . . . for any purpose other than that permitted herein for the zone district in which it is located."

Defendant and his wife, Orchid Bellefantie,[2] are owners of the property located in a residential zone in West Caldwell Township (Township). The property consists of two detached single-family dwellings: one of which defendant and his family use as their primary residence; and the other they operated as a CSLR, which is the subject of this appeal.

On October 12, 2022, the Department of Community Affairs (DCA)

---

[1] A CSLR is "a residential setting that serves solely as a home for individuals who are recovering from drug or alcohol addiction and is intended to provide an environment where the residents can support each other's sobriety and recovery." N.J.A.C. 5:27-2.1.

[2] Bellefantie was a named defendant in the complaint but did not participate in the appeal.

A-1549-23

advised the Township's construction official of defendant's application for a license to own and operate a CSLR facility at the property in accordance with N.J.A.C. 5:27-1, and DCA's intent to "visit [their] office to retrieve the municipal property file."

Weeks prior to DCA's approval of defendant's application, a Township zoning official issued the first of two notices of violation to defendant, which stated:

> [i]t has come to our attention that a [CSLR] is proposed at [the property]. The R-4 [z]oning [d]istrict only permits [s]ingle [f]amily [d]wellings. [CSLRs] are not a permitted use and [are] therefore prohibited. Such use will require application to and approval from the [z]oning [b]oard of [a]djustment [(zoning board)] for [(d)(1)] use variance approval.

On February 7, 2023, defendant appealed the violation notice to the zoning board. On December 18, 2023, the Township informed defendant the appeal was deficient.[3]

On February 27, 2023, DCA issued defendant a class F license to operate

---

[3] Defendant also filed a complaint with the United States Department of Housing and Urban Development (HUD) alleging discriminatory housing practices under the Fair Housing Act, 42 U.S.C. §§ 3601-3619. The February appeal to the zoning board was placed on hold pending the resolution of the HUD investigation.

a CSLR for up to seven occupants.  The license contained the following language:

> This license is issued pursuant and subject to . . . N.J.S.A. 55:13B-1 et seq. and is valid only for the person or organization it is issued to and only to own and/or operate the facility indicated herein.
>
> This renewal license is also subject to suspension or revocation, after opportunity for a hearing, in the event of non-compliance with applicable licensing requirements.  Issuance of this renewal license is for the purpose of allowing continued operation and is not evidence of any determination that the facility is currently in compliance with applicable state regulations.

On May 8, 2023, the Township issued a second notice of zoning violation to defendant, citing the continued operation of a CSLR on the property in violation of the ordinance 20-4, which provides:

> No land may be used[,] and no building or structure may be erected, raised, moved, extended, enlarged, altered, demolished, or used for any purpose other than that permitted herein for the zone district in which it is located, and all construction shall be in conformity with the regulations provided in the zone district in which such construction is located.

On July 28, 2023, defendant contacted DCA about the violation notices

and his CSLR.[4] DCA responded on August 2, 2023, via correspondence, stating:

> With regard to the issue of zoning, the [DCA] does not require proof of zoning compliance before issuance of a license, with the expectation that an owner will comply with municipal zoning requirements. However, it should be noted that pursuant to [N.J.A.C.] 5:23-6.1 of the State Uniform Construction Code, a change from a single family or two-family home to a CSLR is a change in character of use and not a change in use. Therefore, there is no requirement for the owner to provide a new certificate of occupancy to the [DCA]. Only one- or two- family dwellings classified as a R-5 use group can be converted to a CSLR. DCA's intent was to permit the R-5 one- or two-family dwelling to remain in the existing neighborhood after conversion to a CSLR and not be "zoned out."

On August 15, 2023, the Township filed a complaint in the Law Division against defendant, Bellefantie, and the residents of the CSLR. On September 13, 2023, defendant removed the matter to the District of New Jersey, citing discrimination under the Fair Housing Act of 1968, 42 U.S.C. § 3601 to § 3619, and the Americans with Disabilities Act, 42 U.S.C. § 12101 to § 12213.[5] The Township successfully moved to remand the matter back to State court "on the basis that the removal was procedurally and incurably defective because the consent of the residents was not obtained."

---

[4] This letter is not part of the record on appeal.

[5] Defendant does not raise these issues on appeal.

5

Trial commenced in municipal court on the violations as alleged by the Township for operating a CSLR without a permit. The court found defendant guilty of the violation and imposed a $10,000 fine.

On October 4, 2023, defendant appealed to the Law Division. Following a trial de novo, in a written opinion dated January 5, 2024, the Law Division judge found defendant guilty and imposed the same $10,000 fine.

Defendant raises the following point on appeal:

> I. THE TRIAL COURT ERRED IN DETERMINING THAT THE CSLR LOCATED AT 25 DODD ROAD ON THE PROPERTY OF DEFENDANT IS SUBJECT TO LOCAL CODES AND ORDINANCES.

Specifically, defendant argues the court erred in its determination the code applies to a CSLR in a residential zone, asserting N.J.A.C. 5:27-2.1 provides the code does not apply to CSLRs. Defendant contends DCA has the sole authority to regulate rooming and boarding houses under N.J.S.A. 55:13B-1 to -21, and to issue him a license without any additional approvals.

When the Law Division conducts a trial de novo on a record previously developed in the municipal court, our review is limited. State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005). We determine whether there is sufficient credible evidence present in the record to support the Law Division's conclusions. Ibid.

6

Moreover, when the Law Division concurs with the municipal court, the two-court rule applies. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Locurto, 157 N.J. 463, 474 (1999) (citing Midler v. Heinowitz, 10 N.J. 123, 128-29 (1952)). On the other hand, issues of law are reviewed de novo. Cherokee LCP Land, LLC v. City of Linden Planning Bd., 234 N.J. 403, 414–15 (2018) (citing Manalapan Realty, L.P. v. Twp. Comm. Manalapan, 140 N.J. 366, 378 (1995)).

The Municipal Land Use Law (MLUL) confers authority upon municipal boards to "adopt or amend a zoning ordinance relating to the nature and extent of the uses of land." N.J.S.A. 40:55D-62(a). Further, the MLUL provides:

> Community residences for persons with developmental disabilities, community shelters for victims of domestic violence, community residences for persons with terminal illnesses, community residences for persons with head injuries, and adult family care homes for persons who are elderly and adults with physical disabilities shall be a permitted use in all residential districts of a municipality, and the requirements therefor shall be the same as for single family dwelling units located within such districts.
>
> [N.J.S.A. 40:55D-66.1.]

7                                                      A-1549-23

"In addition to the authority to regulate land uses in conformity with the MLUL, the Legislature also has delegated authority to municipalities to license and regulate certain businesses conducted within their boundaries." Nouhan v. Bd. of Adj. of City of Clifton, 392 N.J. Super. 283, 291 (App. Div. 2007) (citing N.J.S.A. 40:52-1); see Bernardsville Quarry, Inc. v. Borough of Bernardsville, 129 N.J. 221, 228-30 (1992).

In Nouhan we stated,

> the issuance of a license to a regulated business does not authorize a use of land that is not permitted under the zoning ordinance. The regulation of land uses under the MLUL and the licensing and regulation of businesses under N.J.S.A. 40:52-1 constitute two separate spheres of municipal regulation. A particular use of land may be permitted only by the governing body's adoption of a zoning ordinance in accordance with the MLUL or by a board of adjustment's grant of a use variance in accordance with N.J.S.A. 40:55D-70(d). . . . But the grant of a license cannot authorize a use that is not permitted either by the zoning ordinance or a use variance.
>
> [Nouhan, 392 N.J. Super. at 292 (emphasis added).]

We reject defendant's contention DCA's approval of his license to operate the CSLR obviates the need for local zoning approval. Instead, consistent with our holding in Nouhan, the issuance of a license to a regulated business does not authorize a use of land that is not permitted under the zoning ordinance. 392

8

N.J. Super. at 292. Thus, the regulation of land uses under the MLUL and the licensing and regulation of businesses under N.J.S.A. 40:52-1 constitute two separate spheres of municipal regulation. Ibid.

Defendant's arguments are further belied by the record and inconsistent with the language in the August 2, 2023 DCA correspondence, which states they "do[] not require proof of zoning compliance before issuance of a license, with the expectation that an owner will comply with municipal zoning requirements." Thus, even if defendant remained unaware of his obligation to seek zoning approval with the issuance of the license, he was informed of his obligation to comply with municipal zoning requirements in August. We therefore conclude defendant's arguments lack merit, and the court properly rejected them.

Because defendant violated the code by operating the CSLR without zoning board approval, despite having received a license from DCA, the court did not err in finding he violated the code by operating a CSLR in an R-4 zone. It is undisputed defendant's property is in the Township's residential district, which is zoned for single-family residences, and the sole uses permitted in that district are "[h]ospitals, schools, houses of worship, residential professional offices, personal communications antennas, and crop farms," none of which include a CSLR, which is designated as a class F rooming and boarding house.

See N.J.A.C. 5:27-1.6(b)(6).

Finally, to the extent we have not addressed an argument raised on the appeal, it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

10

A-1549-23