**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2218-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PATRICIA LAZZARINI,

    Defendant-Appellant.

_____

Submitted May 28, 2025 – Decided August 11, 2025

Before Judges Firko and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Municipal Appeal No. 23-09.

Caruso Smith Picini, PC, attorneys for appellant (Annette Verdesco, on the briefs).

John P. McDonald, Somerset County Prosecutor, attorney for respondent (Jessica L. Bosland, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Patricia Lazzarini appeals from her convictions for driving while intoxicated (DWI), N.J.S.A. 39:4-50, based on observation, and failing to maintain lanes, N.J.S.A. 39:4-88, following a trial de novo in the Law Division. Having reviewed the record and the parties' arguments in light of the applicable legal standards, we affirm substantially for the reasons stated by Judge Angela F. Borkowski in her comprehensive decision.

I.

The relevant evidence was set forth in Judge Borkowski's thirty-three-page decision. We summarize the salient facts.

At around 1:00 a.m. on January 30, 2021, Branchburg Township Police Department Officer Michael Lester, while on routine patrol, saw defendant driving her car "at a very slow rate of speed" on Route 202. Officer Lester began following defendant and saw defendant's car failing to maintain its lane, crossing over into the other lane. Based on his observations, Officer Lester pulled defendant over.

While speaking with defendant, Officer Lester smelled an odor of alcohol coming from her and noticed her eyes were watery and bloodshot. In response to the officer's question, defendant admitted she drank a few vodka and club soda cocktails while at Dave and Busters that evening in Wayne. Officer Lester

asked defendant "pre-exit" questions, such as to recite the alphabet from the letter "E" to "P" without singing and to count backwards from "93" to "73." Officer Lester's engagement with defendant was recorded on his patrol car's motor vehicle recording (MVR). As revealed in the MVR, during the questioning, defendant advised Officer Lester that she previously had COVID-19 and that she had an aneurysm.

Officer Lester then asked defendant to exit her car to complete the standardized field sobriety tests, which included the walk-and-turn and the one-leg-stand. Before beginning the sobriety tests, defendant again told Officer Lester she had an aneurysm. Officer Lester testified that there was no indication defendant could not perform the sobriety tests due to her medical condition.

Defendant performed poorly on these two tests. On the walk-and-turn test, defendant began the test before Officer Lester finished giving her the instructions, and she stepped off the line during the test. During the one-leg-stand-test, defendant lost her balance, raised her arms higher than permitted, and put her foot down before she was instructed to do so. The tests were performed in front of the vehicle, so they were not captured on the MVR.

While at the scene, Officer Kevin Conforti, trained and certified on the standardized field sobriety tests, conducted the horizontal gaze nystagmus

3

(HGN) test. While conducting the test, Officer Conforti told defendant she was not looking at the light, and defendant responded by advising Officer Conforti that she had an aneurysm, but she declined medical treatment. Officer Conforti advised Officer Lester that he believed defendant was under the influence of either alcohol or narcotics.

Under the totality of the circumstances, which included defendant's poor performance on these tests and Officer Lester's earlier observations, defendant was arrested for DWI and transported to police headquarters.

After processing defendant, the officers attempted to perform an Alcotest on her but were unable to get a reading on the first two attempts. Although defendant initially agreed to try to perform the test a third time, she ultimately refused. Officer Conforti did not read defendant the second section of the refusal warning. Defendant was charged with DWI, N.J.S.A. 39:4-50, failure to maintain lanes, N.J.S.A. 39:4-88, and refusal to submit to a breath test, N.J.S.A. 39:4-50.4a.

Trial was held in Branchburg Municipal Court over the course of nine days between April 29, 2022 and December 7, 2022. At the close of the State's case, defendant moved for judgment of acquittal on the refusal charge, which

the municipal judge granted. On February 13, 2023, defendant was found guilty of DWI and failure to maintain lanes.

Defendant filed for trial de novo in the Law Division, appealing the DWI and failure to maintain lanes. After oral argument, the judge reserved decision. On March 8, 2024, the judge issued a thorough written opinion upholding defendant's convictions and imposing the same sentence as the municipal judge.

The judge detailed her findings, explaining her credibility determinations, and concluding that the municipal judge's "determination was supported by sufficient credible evidence in the record," and therefore, the judge found no reason to deviate from the municipal judge's decision.

The judge rejected defendant's expert witness's challenge to the field sobriety test and the instructions given. The judge found that the incomplete instructions, "although affecting the weight to be given these tests, did not affect the outcome of [defendant's] performance." The judge found the error was not a material error, affecting the outcome.

The judge also rejected defendant's contention that her migraine or aura caused her to perform poorly on these tests. The judge noted that defendant's performance on the tests was only one of "numerous circumstances" that "prove[d] her intoxication." Although the judge found defendant's treating

neurologist credible, the court concluded that his testimony did not establish reasonable doubt as to defendant's intoxication. Rather, the judge found insufficient evidence to suggest that defendant was suffering from symptoms of a pre-existing medical condition. Moreover, defendant's physician was not present on the evening of the incident, did not observe or examine defendant on that evening, and therefore, was unable to confirm what, if any, symptoms defendant was experiencing. The judge was satisfied that the record demonstrated defendant's behavior on the evening of the incident was not consistent with a person experiencing a migraine.

The judge also was not persuaded by the testimony of defendant's friend, who was with her on the evening of this incident and testified that defendant did not appear to be under the influence. The judge found that defendant's friend's testimony "add[ed] little to the ultimate determination as to whether [defendant] was capable of driving" because her friend did not see her drive after leaving Dave and Buster's that evening.

The judge found the testimony of Officers Lester and Conforti credible and concurred with the municipal judge's determination that defendant was "highly incredible." Based on the substantial, credible evidence, the judge

6

concluded that the State proved beyond a reasonable doubt that defendant was guilty of failing to maintain lanes and DWI.

## II.

On appeal, defendant contends that her convictions should be overturned because the trial court erred in two ways by: (1) concluding that the officers had reasonable suspicion to request defendant exit her vehicle and that there was probable cause to arrest defendant; and (2) finding defendant guilty because the evidence was insufficient to establish her guilty beyond a reasonable doubt and the trial court unlawfully shifted the burden of proof. Defendant challenges the sufficiency of the evidence to support the municipal judge's ruling that the officer had reasonable suspicion to request defendant to exit her vehicle and perform the field sobriety tests. Defendant next argues that there was no probable cause for her arrest. Finally, defendant contends there was insufficient evidence to sustain the finding of guilt beyond a reasonable doubt for the DWI conviction.

## III.

"[A]ppellate review of [municipal court] convictions is exceedingly narrow." State v. Locurto, 157 N.J. 463, 470 (1999). Appellate review of a municipal court conviction focuses on whether there is sufficient credible

evidence in the record to support the judge's findings. Id. at 471 (citing State v. Johnson, 42 N.J. 146, 161-62 (1965)). Thus, an appellate court does not undertake an independent assessment of the evidence. Ibid. This rule of deference is more persuasive where both the municipal and Law Division judges, as here, concur on the findings of fact and credibility determinations. Id. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (citing Midler v. Heinowitz, 10 N.J. 123, 128-29 (1952)). However, the trial court's legal rulings are considered de novo. Id. at 470 (holding that appellate review of a de novo conviction in the Law Division following a municipal court appeal is "exceedingly narrow").

Our review of the record confirms that Judge Borkowski relied on the testimony of Officers Lester and Conforti with respect to their observations of defendant in the early morning hours of January 30, 2021 and her performance of the field sobriety tests. The judge conducted her own review of the MVR, citing to it repeatedly in her decision. Applying the governing legal principles, from the judge's findings of fact and credibility determinations. We are also satisfied the judge did not err in the legal conclusions she drew from those

A-2218-23

factual findings. Accordingly, we affirm defendant's convictions for DWI and failure to maintain lanes.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2218-23