**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3976-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VINCENT DIARCHANGEL,

    Defendant-Appellant.

---

Argued March 27, 2019 – Decided June 12, 2019

Before Judges Alvarez and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 17-04.

John Menzel argued the cause for appellant.

Roberta Di Biase, Supervising Assistant Prosecutor, argued the cause for respondent (Bradley D. Billhimer, Ocean County Prosecutor, attorney; Samuel J. Marzarella, Deputy Executive Assistant Prosecutor, of counsel; Roberta Di Biase, on the brief).

PER CURIAM

Defendant Vincent DiArchangel appeals from a March 27, 2018 Law Division decision convicting him of driving while intoxicated (DWI), N.J.S.A. 39:4-50, after a trial de novo. See R. 3:23-8(a)(2). We affirm.

Defendant initially entered a conditional guilty plea to DWI, reserving his right to appeal the municipal court judge's admission into evidence of the alcohol influence report and accompanying worksheet, finding his blood alcohol content (BAC) was 0.15 percent. The municipal court judge admitted the report after testimony from the New Jersey State Trooper who administered the breathalyzer test on the night of the stop. Defendant contested the admission of the report, contending the State did not adequately authenticate "core foundational documents." The municipal court found that the State established the requisite twenty-minute observational period before the test was administered, a finding defendant also challenged on appeal. See State v. Chun, 194 N.J. 54, 79 (2008).

This was defendant's third DWI conviction—which was treated as a second, resulting in the imposition of a two-year loss of license, installation of an alcohol ignition interlock device thereafter, forty-eight hours in the Intoxicated Drivers Resource Center (IDRC) in lieu of jail time, plus thirty days of community service along with appropriate fines and penalties. The

A-3976-17T4

prosecutor dismissed charges of speeding and reckless driving. Defendant's sentence was stayed by consent pending appeal to the Law Division, and then stayed again at the Law Division level by the trial judge.

The facts underlying the DWI conviction are as follows. Defendant was observed on February 20, 2016, operating a motor vehicle at speeds in excess of ninety miles per hour on the Garden State Parkway. When stopped, the trooper immediately suspected that defendant was under the influence, and performed sobriety field tests. Defendant smelled of alcohol, his eyes were bloodshot and watery, his speech slurred, his gait slow and fumbling, and he swayed with knees bent.

After defendant's unsuccessful attempts at the completion of those tests, the trooper drove him to the Galloway State Police barracks, where the state police breathalyzer machine was not operating. At 12:39 a.m., the trooper and defendant proceeded the three miles from the troop station to the Galloway Township Municipal Police Department. They arrived at 12:43 a.m., the time a dispatcher at 12:55 a.m. logged in as a "delayed note" on the computer aided dispatch (CAD) report. The dispatcher noted the arrival time in non-military language.

The trooper placed his phone, weapon, and other electronic devices in a gun locker, and entered the room in which breathalyzer tests were administered. At 1:09 a.m., he performed the first calibrated or control test. At 1:11 a.m., defendant breathed into the alcotest machine. On a signal from the machine, defendant blew into it a second time. The result of defendant's breathalyzer was a BAC of 0.15 percent.

Defendant raises the following points on appeal:

> I.     Because the State Failed to Establish that Defendant Was Observed Continuously for [Twenty] Minutes Before He Submitted Breath Samples, This Court Should Exclude the Breath Test Result and Remand This Case for Trial.

> II.     Because the State Failed to Authenticate Certain Core Foundational Documents Necessary for Admission of the Breath Test Result, This Court Should Exclude These Documents and the Breath Test Result and Remand This Case for Trial.

I.

When a municipal court decision is appealed, the court "conduct[s] a trial de novo on the record below." R. 3:23-8(a)(2). The Law Division judge makes his or her "own findings of fact and conclusions of law [while] defer[ring] to the municipal court's credibility findings." State v. Robertson, 228 N.J. 138, 147 (2017).

4

On an appeal to our court, we review the record to determine whether there is "sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). We "should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Locurto, 157 N.J. 463, 474 (1999) (citing Midler v. Heinowitz, 10 N.J. 123, 128-29 (1952)). Once satisfied with the findings and outcome, our "task is complete and [we] should not disturb the result." Reversal is justified only if the courts' decisions are clearly mistaken "and so plainly unwarranted that the interests of justice demand intervention and correction[.]" Johnson, 42 N.J. at 162.

If a driver is convicted of DWI, he or she "must satisfy an onerous standard to obtain a stay of a license suspension by the Law Division." Robertson, 228 N.J. at 153. Such a showing includes demonstrating that there is a substantial question which warrants a stay, that the safety of the community will not be threatened or jeopardized by the license suspension stay, and that defendant will not flee, although the latter consideration is rarely present. Id. at 152.

5

## II.

The Law Division judge made substantial findings of fact regarding the claimed failure to adhere to the Chun twenty-minute observation period. See 194 N.J. at 79. The judge said that the State's proofs established on the record, as found by the municipal court judge, that the officer did honor the appropriate twenty-minute observation period as the notation on the CAD clearly indicated it was a "delayed entry." Thus, in the opinion of the Law Division judge, the proofs established compliance with the twenty-minute observational period. We see nothing in the record that would cause us to question the concurrent findings of fact and credibility determinations on this subject made by the municipal court judge and the Law Division judge. Locurto, 157 N.J. at 474. We will neither disturb the result nor discuss the issue further. The courts' decisions were not clearly mistaken and the interests of justice do not warrant our intervention.

## III.

Defendant's next basis for appeal also warrants only brief discussion. Defendant's contention that the foundational documents for admission of the breathalyzer test were not adequately authenticated has no merit. The municipal court judge concluded that the state trooper's inability to identify the individuals

A-3976-17T4

who had signed the calibration report and the new standard solution report was inconsequential. He considered all the foundational documents to have been adequately authenticated, including the operator's qualification card, the most recent calibration report, the most recent standard solution change report, the certificate of analysis, the control test, the alcohol influence report, and the worksheet. The municipal court judge therefore found that the device was in proper working order, had been inspected pursuant to protocol, the trooper was certified to administer the test, and the test was administered in accord with official procedures. The Law Division judge reached the same conclusions on trial de novo.

After reviewing the municipal court record, the Law Division judge found that the standard for admission is "not very high, it's really that the document purports . . . to be [that] which . . . the proponent says that it is." As a result, he too found the documents to be admissible.

In Chun, the Court observed because the breathalyzer machine "is not 'operator-dependent,' . . . the record demonstrates that the operator will play a relatively lesser role here than has been the case in the past." Chun, 194 N.J. at 140. The Chun Court noted the enumerated documents supporting the test, which include those defendant now challenges on appeal, are merely business

A-3976-17T4

records ordinarily considered reliable. Id. at 142-45. Given the nature of these documents, that the trooper who administered the breathalyzer test could not identify signatures, or was unfamiliar with the processes which resulted in a particular document, were not relevant to the admission of the results. As the Chun Court found, the breathalyzer machine was one "not subject to influences from the operator" and therefore, the results require less than was previously the case. Id. at 140. We see no reason to alter the concurrent findings of fact on this issue either. Nothing in the record suggests the alcotest results were not reliable, or the machine was not functioning properly. We do not find the court's decisions to be clearly mistaken or to demand our intervention and correction. No error has been demonstrated. Locurto, 157 N.J. at 474.

IV.

Finally, we note that despite the fact this defendant had been previously convicted of driving while intoxicated on two other occasions, and that on this occasion his blood alcohol was .15, the Law Division judge granted a stay of the license suspension without a showing pursuant to Robertson, and essentially upon the consent by the State of the issuance of the stay. The stay in the municipal court was by actual consent of the prosecutor. We remind the court and counsel to consider the Supreme Court's exhortation in Robertson. A

8

showing of a substantial question, and safety to the community, should at least be considered before such stays are granted.

Affirmed. The stay of license suspension is vacated.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3976-17T4