**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4441-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CASSI R. WANCURA-LAVA,

     Defendant-Appellant.

_____

          Submitted May 11, 2020 – Decided June 25, 2020

          Before Judges Messano and Susswein.

          On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Municipal Appeal No. 03-03-19.

          Levow DWI Law, PC, attorney for appellant (Evan M. Levow, of counsel and on the brief; Christopher G. Hewitt, on the brief).

          Francis A. Koch, Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Cassi R. Wancura-Lava, appeals from her conviction for driving under the influence in violation of N.J.S.A. 39:4-50. She conditionally pled guilty, preserving the right to appeal from denial of her motion to suppress in which she contends the motor vehicle stop leading to her arrest was unlawful. Both the municipal court judge and the Law Division judge on de novo review found that the police officer lawfully stopped her car pursuant to the community-caretaking doctrine. After reviewing the record in light of the applicable legal principles, we affirm the denial of her motion to suppress and therefore affirm her conviction.[1]

The record shows that police were dispatched to a Quick-Check store in response to a call from the night manager. The manager had provided reliable information to the police department on past occasions. She reported that a patron was unsteady on her feet and appeared to have been the victim of an assault. The store manager advised that the patron "looked like she got the shit

---

[1] The municipal court judge sentenced defendant as a second DUI offender, imposing a two-year suspension of her driver's license, a two-day jail term, forty-eight hours of intoxicated driver's resource center, thirty days of community service, installation of an ignition interlock device for a period of one year, and mandatory fines and fees. The municipal court judge granted a stay of the fines and penalties pending appeal to the Law Division. The Law Division judge granted a separate stay of his denial of defendant's municipal appeal. By virtue of our affirmance, both stays are hereby vacated.

A-4441-18T4

kicked out of her" and was "playing with her jaw." The manager further advised that patron was sitting in her car in the store parking lot.

An officer was dispatched to investigate the store manager's report and to do a welfare check. The vehicle operated by defendant was beginning to pull out of the parking lot when the responding officer arrived. Before stopping the vehicle, the officer observed the female driver appeared to be visibly upset, had runny makeup, and looked like she had been crying. The officer then stopped defendant's vehicle to check on her condition. The officer testified that he wanted to see if she was a domestic violence victim. He eventually determined that she was under the influence.

Defendant raises the following contention for our consideration:

> THE STOP OF [DEFENDANT] MUST BE SUPPRESSED AS THERE WAS NO REASONABLE OR ARTICULABLE SUSPCION THAT A MOTOR VEHICLE VIOLATION OCCURRED, AND "COMMUNITY CARERTAKING" DOES NOT APPLY TO THE FACTS OF THIS CASE.

We begin our analysis by acknowledging the legal principles that govern this appeal. Following a trial de novo in the Law Division, we consider the court's legal rulings de novo. State v. Kuropchak, 221 N.J. 368, 383 (2015) (citing State v. Gandhi, 201 N.J. 161, 176 (2010)). In contrast, our review of the court's factual and credibility findings is quite limited. State v. Clarksburg

Inn, 375 N.J. Super. 624, 639 (App. Div. 2005). Importantly, we do not independently assess the evidence as if we were the court of first instance. State v. Locurto, 157 N.J. 463, 471 (1999). Rather, we focus our review on "whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (alteration in original) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)).

Deference is especially appropriate when, as in this case, two judges have examined the facts and reached the same conclusion. As the Supreme Court made clear in Locurto, "[u]nder the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." 157 N.J. at 474 (citing Midler v. Heinowitz, 10 N.J. 123, 128–29 (1952)). Therefore, our review of the factual and credibility findings of the municipal court and the Law Division "is exceedingly narrow." State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470); see also Meshinsky v. Nicholas Yacht Sales, Inc., 110 N.J. 464, 475 (1988) (observing that appellate courts defer to the Law Division's credibility findings that were not "wholly unsupportable as to result in a denial of justice" (quoting Rova Farms Resort v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483–84 (1974))).

The sole issue on appeal is whether the stop was lawful. As a general rule, police may not initiate an investigative detention of a motor vehicle unless they have reasonable and articulable suspicion to believe that the vehicle is being operated in violation of law, typically an observed motor vehicle infraction. Delaware v. Prouse, 440 U.S. 648, 663 (1979). The State does not argue that the officer in this case observed a motor vehicle violation. Rather, the State maintains this stop was based solely on the community-caretaking function of law enforcement.

Our Supreme Court has recently examined the nature and boundaries of the community-caretaking doctrine. In State v. Scriven, the Court held that, "[p]olice officers who have an objectively reasonable basis to believe that a driver may be impaired or suffering a medical emergency may stop the vehicle for the purpose of making a welfare check and rendering aid, if necessary." 226 N.J. 20, 39 (2016). "In their community-caretaker role," the Court explained, "police officers, who act in an objectively reasonable manner, may check on the welfare or safety of a citizen who appears in need of help on the roadway without securing a warrant or offending the Constitution." Id. at 38. The Court added that, "police do not have to wait until harm is caused to the driver or a pedestrian or other motorist before acting." Id. at 39.

A-4441-18T4

We conclude, as did the municipal and Law Division judges, the officer in this case had an objectively reasonable basis to believe the driver was in need of help and posed a risk to herself and others on the road by reason of her physical condition. Minutes earlier she was observed to be unsteady on her feet while in the store and appeared to have been beaten recently. That information was reported by a known reliable source who deemed it necessary to alert police to defendant's physical condition. The officer who eventually made the arrest had been dispatched to the store parking lot to conduct a welfare check. The information provided by the store manager, moreover, was consistent with the officer's own observations before he initiated the stop.

These facts, viewed collectively, amply establish an objectively reasonable basis to believe that defendant may have been impaired or suffering a medical emergency. Although the community caretaking doctrine is a "narrow exception," id. at 38 (citing State v. Vargas, 213 N.J. 301, 324 (2013)),[2] we conclude that in this instance, the State met its burden to show that the doctrine applies and justifies the decision to stop defendant's vehicle. Indeed, in our

---

[2] We note that the community-caretaking doctrine is a recognized exception to the search warrant requirement. In this instance, the doctrine is invoked not to justify a warrantless entry of a premises or to conduct a search, but rather to justify the investigative detention of a motor vehicle—a Fourth Amendment intrusion that requires neither a warrant nor probable cause.

view, the officer would have been derelict in his duties had he allowed defendant to drive off onto a public roadway without first determining if she was in need of medical assistance.

Affirmed. By virtue of our affirmance, the stays imposed by the Law Division and municipal court judges are hereby vacated. The matter is remanded to the Law Division for imposition of sentence forthwith. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4441-18T4