**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0987-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NOLAN WALSH,

     Defendant-Appellant.

_____

> Argued September 16, 2024 – Decided October 22, 2024
>
> Before Judges Gummer and Berdote Byrne.
>
> On appeal from the Superior Court of New Jersey, Law Division, Morris County, Municipal Appeal No. 23-101-A.
>
> Kenneth Ralph argued the cause for appellant (Bruno & Ferraro, attorneys; Kenneth Ralph, of counsel and on the briefs).
>
> Tiffany M. Russo, Assistant Prosecutor, argued the cause for respondent (Robert J. Carroll, Morris County Prosecutor, attorney; Erin Smith Wisloff, on the brief).

PER CURIAM

Defendant was seventeen years old in 2011 when a municipal court judge accepted his guilty plea for driving under the influence of marijuana. Initially, defendant faced charges of driving under the influence, driving in an incorrect lane, driving while possessing narcotics, driving in violation of a provisional driver's license, and reckless driving. In addition, defendant's passenger was named as a co-defendant and charged with possession of marijuana. As a result of defendant's guilty plea, his charges of driving in an incorrect lane, operating a motor vehicle while possessing narcotics, and reckless driving were dismissed. The co-defendant's possession charge was also dismissed because defendant admitted the marijuana belonged to him.

In 2022, defendant moved to vacate the guilty plea, arguing the plea hearing lacked a thorough inquiry of whether he understood the details of his plea and his waiver of rights. The Municipal Court denied that motion. Defendant appealed to the Law Division. After conducting a trial de novo based on the Municipal Court record, the Law Division affirmed and entered an order denying the appeal. Defendant then filed a motion for reconsideration, which was also denied. We affirm the Law Division's orders for the reasons expressed in the well-reasoned, oral opinions of the Honorable Ralph E. Amirata. We add the following comments.

2

Our review of a Law Division de novo hearing on the record of a municipal-court hearing is "focuse[d] on whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)); see also State v. Mellody, 479 N.J. Super. 90, 108 (App. Div. 2024) (quoting State v. Locurto, 157 N.J. 463, 472 (1999)) ("[O]ur review of a Law Division judge's decision is limited to determining whether the findings made by the judge 'could reasonably have been reached on sufficient credible evidence present in the record.'"). We do not engage in "independent fact-finding" but instead are "governed by the substantial evidence rule." State v. Heine, 424 N.J. Super. 48, 58 (App. Div. 2012).

We should especially defer when "two lower courts have entered concurrent judgments on purely factual issues" and "ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Locurto, 157 N.J. at 474 (citing Midler v. Heinowitz, 10 N.J. 123, 128-29 (1952)). However, we consider Law Division legal rulings de novo. Robertson, 228 N.J. at 148; see also State v. Kuropchak, 221 N.J. 368, 383

3                                                        A-0987-23

(2015) (citing State v. Gandhi, 201 N.J. 161, 176 (2010)) ("[L]egal conclusions are subject to de novo review.").

On appeal, defendant argues the plea was not voluntary and the factual basis for it was not sufficient. As Judge Amirata correctly noted, defendant's motion to vacate the plea was a petition for post-conviction relief, despite defendant having not filed a direct appeal of the issue, and was time-barred by Rule 3:22-12(a). Moreover, defendant failed to present any facts that would support a finding of excusable neglect to enlarge the amount of time for post-conviction relief.

Despite this procedural bar, Judge Amirata thoroughly addressed the merits of defendant's motion and found defendant was represented by counsel at the original plea hearing, he had already begun treatment for substance abuse, and his parents were present in the courtroom when the plea was accepted. Defendant's belated claim, brought eleven years later, that he did not understand what "under the influence" meant when he pleaded guilty, despite having already been enrolled in substance-abuse treatment, is belied by the record. The judge also noted the court, in accepting the plea, was not dealing with an uneducated defendant, as defendant's lawyer represented at sentencing that defendant was performing well in school, which was considered favorably by the sentencing

court. Further, defendant cites no legal support for his suggestion that the plea hearing should have included additional procedures because of his youth.

We agree with Judge Amirata that defendant received the benefit of his plea bargain and affirm his orders.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0987-23